THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER P. THURSTON, Defendant-Appellant.

Second District   No. 2—92—0488

Opinion filed January 19, 1994.—Rehearing denied February 2, 1994.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and David W. Devinger, of Woodstock, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Lisa A. Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Christopher Thurston, appeals the validity of certain statutory penalties imposed as part of his sentence. We affirm.

Following a bench trial, defendant was convicted of unlawful possession of less than 15 grams of a substance containing cocaine, a Class 4 felony (Ill. Rev. Stat. 1991, ch. 56½, par. 1402(c) (now 720 ILCS 570/402 (West 1992))). On April 21, 1992, the trial court sentenced defendant to 24 months' probation and ordered him to undergo counseling. In addition, defendant was assessed a fine of $500 and other costs, fees, and penalties which included a penalty of $52 allocated to the Traffic and Criminal Conviction Surcharge Fund (criminal surcharge fund) and a penalty of $52 allocated to the Violent Crime Victims Assistance Fund (victims' assistance fund) (see Ill. Rev. Stat. 1991, ch. 38, par. 1005—9—1(c) (now 730 ILCS 5/5—9—1(c) (West 1992)); Ill. Rev. Stat. 1991, ch. 70, par. 510(b) (now 725 ILCS 240/10(b) (West 1992))).

Defendant lodged no objection to the penalties and filed no post-sentencing motion in the trial court. However, he argues on appeal that this court should review either as void or as plain error the imposition of penalties to be paid to the victims' assistance fund and the

criminal surcharge fund because the penalties were not judicially imposed by the trial court but, rather, were improperly assessed in a ministerial fashion by the deputy clerk of the circuit court without judicial authorization.

■ Ordinarily, a sentencing issue will be deemed waived and will not be considered on appeal where the defendant has failed to raise it timely in the trial court. (*People v. Hess* (1993), 241 Ill. App. 3d 276, 281.) However, to the extent that defendant raises this sentencing issue based on the alleged voidness of the sentencing order because it was entered without authority, we shall consider it. "A void judgment may be attacked at any time, either directly or collaterally" (*People v. Wade* (1987), 116 Ill. 2d 1, 5), provided the cause is properly before the court. See *Nelson v. United Airlines, Inc.* (1993), 243 Ill. App. 3d 795, 800.

The record reveals that at the sentencing hearing on April 21, 1992, the court orally pronounced sentence, stating that it would place defendant on probation for two years; then the court articulated the conditions of probation. Among other things the court stated, "There will be a fine of $500.00 plus costs." In the written sentencing order signed by Judge Kowal, the following items were checked: "FINES $500 plus statutory court costs and fees and the following penalties" which included checked subcategories denominated "Criminal Surcharge Fund," "Violent Crime Victim Assistance Fund," and "Driver's Education Fund." Filed with the order was the circuit clerk's "Recap of Fines, Costs, Fees & Penalties" which, among other items, listed the $500 fine, the criminal surcharge of $52, and the $52 penalty for the victims' assistance fund. At the bottom of the list was the notation that the amounts were calculated by "D.S.," a deputy clerk.

■ On appeal, defendant now argues that each of the $52 penalties was improperly assessed because the clerk of the court lacks the authority to impose them. We are well aware that the assessment of such penalties and fines is a judicial function beyond the authority of the circuit clerk's office (*People v. Wisotzke* (1990), 204 Ill. App. 3d 44, 50) and that they "are to be collected in the same manner as other fines" (*People v. Hare* (1988), 119 Ill. 2d 441, 452). Defendant bases his appellate argument on the oral pronouncement of sentence which only mentions the fine "plus costs." Defendant seems to ignore that the terms of the sentence may be construed from the written order as well as the oral pronouncement of the court. In ascertaining the terms of the sentence, a reviewing court may examine the record as a whole (*People v. Barnes* (1990), 194 Ill. App. 3d 527, 530), since

the oral pronouncement of sentence and the written sentencing order entered on the same date can be viewed as one transaction. *People v. Tackett* (1985), 130 Ill. App. 3d 347, 353; see *People v. Williams* (1983), 97 Ill. 2d 252, 310 (court may refer to written order to determine sentence imposed).

■■ In the case at bar, it can be readily determined from the court's written order, which followed the pronouncement of sentence of the same date, that the court did in fact order the imposition of the statutory penalties which are mandatory in nature and calculated according to the schedules provided by the statutes; there is no room for discretion as to their assessment or calculation. (See Ill. Rev. Stat. 1991, ch. 38, par. 1005—9—1(c) (now 730 ILCS 5/5—9—1(c) (West 1992)); Ill. Rev. Stat. 1991, ch. 70, par. 510(b) (now 725 ILCS 240/ 10(b) (West 1992)); *Wisotzke*, 204 Ill. App. 3d at 50-52.) Defendant's claim of error in sentencing must fail. The court validly imposed the penalties, and the sentence can neither be deemed void nor plainly erroneous.

The appellate defender is a public officer charged with the trust of representing clients who cannot afford private counsel. The attorneys who accept the responsibility to represent indigent defendants are themselves usually less appreciated and compensated at a lower level than private counsel or other government attorneys. The brief in this case was filed by a drug panel attorney for the office of the State Appellate Defender. We appreciate their dedication and good work; however, for several years the representatives of the office of the State Appellate Defender have asked for far too many continuances and complained of a severe shortage of State-allocated funding to promptly and efficiently perform their duties.

The Second District of the Appellate Court has strongly resisted the pressure for more and longer continuances. The appellate defender's representatives insist that they need more and more time. All these comments lead to this case and an alarming number of similar cases where the appellate defender appeals a point of nominal dollar value and of no real benefit to the client.

The fees and penalties in question were set by statute and ultimately would be assessed against defendant. Total victory for defendant would have been a remand to the trial court for the trial judge to enter a detailed and more correct order. The amounts to be paid would not change.

This type of legal exercise is a complete waste for the appellate defender, the appellate prosecutor and the court. They are all paid by the People. The total burden of such cases can only use up scarce

funds and deprive other defendants with real issues of their prompt resolution. We suggest the appellate defender reexamine his policy of processing such cases.

In the real world, a client would not pay a talented appellate lawyer to appeal such a minor point. The public should not bear the burden of such waste, particularly when others are delayed in their quest for justice.

The judgment of the circuit court is affirmed.

Affirmed.

McLAREN and COLWELL, JJ., concur.