NO. 4-09-0579          Filed 12/28/10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|      Plaintiff-Appellee, | ) | Circuit Court of |
|      v. | ) | McLean County |
| JAMES E. FOLKS, | ) | No. 09CF05 |
|      Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James E. Souk, |
| | ) | Judge Presiding. |

JUSTICE MYERSCOUGH delivered the opinion of the court:

In March 2009, defendant, James E. Folks, pleaded guilty to unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2008)), and aggravated battery (720 ILCS 5/12-4(b)(1) (West 2008)).  The trial court accepted the plea and sentenced defendant, in accordance with the plea agreement, to nine years' imprisonment.  The plea agreement had also provided for the imposition of certain "court costs and fees," including the $200 deoxyribonucleic-acid (DNA) analysis assessment (730 ILCS 5/5-4-3(j) (West 2008)) and a $20 Violent Crime Victims Assistance Fund (VCVA) assessment (725 ILCS 240/10 (West 2008)).

Thereafter, the circuit clerk sent defendant notice of

the fines and court costs imposed, which included a $10 drug-court assessment (55 ILCS 5/5-1101(d-5) (West 2008)), a $15 children's-advocacy-center assessment (55 ILCS 5/5-1101(f-5) (West 2008)) and the $20 VCVA assessment. The $200 DNA-analysis assessment was not imposed because, according to a handwritten notation on the notice by perhaps a court clerk, the assessment was "waived since sample taken in 2004." The notice and the docket entry indicating the filing of proof that a DNA sample was "previously taken in 2004" are initialed by "TB."

Defendant filed a motion to withdraw the guilty plea and vacate sentence. In July 2009, the trial court denied defendant's motion.

Defendant appealed, asserting (1) defense counsel's certificate failed to strictly comply with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)); (2) defendant is entitled to vacation of the drug-court and children's-advocacy-center assessments because the circuit clerk lacked the authority to impose those fines or, in the alternative, those fines must be offset by the $5-per-day credit for time spent in presentencing custody; and (3) the VCVA assessment must be reduced to $4 because the amount imposed exceeded the amount permitted by statute.

We affirm as modified. Defense counsel strictly

complied with Rule 604(d). On defendant's remaining issues, this court (1) vacates the circuit clerk's assessment of fines and imposes the $10 drug-court and $15 children's-advocacy-center fines, which are offset by credit for the time defendant spent in presentencing custody; (2) reimposes the $200 DNA-analysis assessment, which is offset by credit for the time defendant spent in presentencing custody; and (3) vacates the $20 VCVA assessment and imposes a $24 VCVA assessment.

## I. BACKGROUND

In January 2009, the grand jury returned a bill of indictment charging defendant with unlawful use of a weapon by a felon (count I) and aggravated battery (count II). On March 24, 2009, defendant pleaded guilty to both charges, and the trial court accepted that plea.

As reflected by the transcript of the plea hearing and documents contained in the record, defendant signed a written plea agreement. In the agreement, defendant agreed to plead guilty to both counts in exchange for which the trial court would impose a sentence of nine years' imprisonment on count I and a concurrent five-year term of imprisonment on count II. The plea agreement reflected the court would impose "$-0- fine, plus court

costs and fees as authorized by law, payable as follows: $20 VCVA and $200 DNA." The agreement also reflected defendant was entitled to credit for 83 days already served in custody. The court admonished defendant at the hearing that in addition to his sentence, "there are certain mandatory fines and court costs" and those would include the $20 VCVA assessment and $200 DNA-analysis assessment.

After accepting defendant's plea, the trial court immediately proceeded to sentencing and sentenced "defendant in accordance with his plea agreement." The sentencing judgment entered does not reflect the assessments imposed, although it does indicate that fines and costs were due within two years of defendant's release from custody. The sentencing judgment also reflects defendant's credit for time served from January 1, 2009, to March 24, 2009, which totals 82 days.

The docket entry for the combined plea and sentencing hearing contains preprinted language, apparently stamped into the docket, on which someone, perhaps the trial judge, added hand-written notations. The docket entry contains the preprinted statement "Fines, fees and costs per Supp. Order." A handwritten notation provides "20 VCVA and 200 DNA."

On March 25, 2009, the circuit clerk sent a "Notice to

Party" to defendant, detailing the "fine and court costs" imposed against defendant in connection with the case. That document is not signed by the trial judge. According to the notice, the various assessments imposed included the $10 drug-court assessment and the $15 children's-advocacy-center assessment. The DNA-analysis assessment was listed as ".00$" Next to the statutory citation for the DNA assessment is a handwritten notation by someone reading as follows: "waived since sample taken in 2004." The notice also reflects a VCVA assessment of $20. The document contains the initials "TB," as does a March 25, 2009, docket entry notation providing as follows: "DNA sample previously taken in 2004, proof filed."

Thereafter, defendant filed several pro se documents seeking to withdraw his guilty plea, including one filed April 23, 2009. The motion raised no issues pertaining to fines or assessments imposed.

At the July 10, 2009, hearing, the trial court essentially treated defendant's April 2009 pleading as an amendment to the earlier motions to withdraw guilty plea filed by defendant. Defendant's attorney, a different assistant public defender than the one who represented defendant during the plea hearing, adopted defendant's April 23, 2009, motion.

- 5 -

Defense counsel tendered to the trial court a Supreme Court Rule 604(d) certificate. The certificate was entitled "Attorney's Certification for Motion to Reconsider Sentence," although no motion to reconsider had been filed and the court was hearing the motion to withdraw guilty plea.

In the certificate, defense counsel asserted he had (1) personally consulted with defendant regarding "this motion"; (2) reviewed the transcripts of the report of plea of guilty proceeding and sentencing hearing, as well as police reports; (3) examined the trial court file; and (4) elected to make no modifications to the motion. At the conclusion of the hearing, the court denied the motion to withdraw guilty plea.

This appeal followed.

## II. ANALYSIS

Defendant does not challenge the denial of the motion to withdraw guilty plea on the merits. Instead, defendant challenges the Rule 604(d) certificate and the various assessments imposed.

### A. Defense Counsel Strictly Complied With Rule 604(d)

Defendant first argues the case must be remanded because his attorney failed to strictly comply with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)). Specifically, defendant

argues the Rule 604(d) certificate was insufficient because it was entitled "Attorney's Certification for Motion to Reconsider Sentence" and, therefore, did not apply to the motion to withdraw guilty plea.  We disagree.

Supreme Court Rule 604(d) requires that counsel representing a defendant who has pleaded guilty must file in the trial court a certificate stating the following:

> "[T]he attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."  210 Ill. 2d R. 604(d).

The certificate requirement "insure[s] that counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence."  People v. Shirley, 181 Ill. 2d 359, 361, 692 N.E.2d 1189, 1191 (1998).  Our review is de novo.  People v. Grice, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007).

Here, counsel certified he (1) personally consulted with defendant regarding "this motion"; (2) reviewed the transcripts of the report of plea of guilty proceedings and sentencing hearing, as well as police reports; (3) examined the trial court file; and (4) elected to make no modification to the motion. As such, counsel fully complied with the Rule 604(d) requirements.

Defendant asserts that the certificate is insufficient because counsel asserted he personally consulted with defendant regarding "this motion," which meant a nonexistent motion to reconsider sentence as opposed to the motion to withdraw the guilty plea. Supreme Court Rule 604(d) does not require a particular heading. The substance of the certificate complied with Rule 604(d). The failure to properly label the motion, while unfortunate, does not require remand for strict compliance with the Rule 604(d) certificate requirements.

### B. This Court Imposes the $10 Drug-Court Assessment and the $15 Children's-Advocacy-Center Assessment and Defendant Is Entitled to the $5-Per-Day Credit Against Those Fines

In his opening brief, defendant argued the circuit clerk lacked the authority to impose the $10 drug-court assessment (55 ILCS 5/5-1101(d-5) (West 2008)) and $15 children's-

- 8 -

advocacy-center assessment (55 ILCS 5/5-1101(f-5) (West 2008)) because those assessments constituted fines. Defendant asked that this court vacate the fines or, in the alternative, offset the fines in the amount of $5-per-day for the days defendant spent in custody before his transfer to the Department of Corrections. See 725 ILCS 5/110-14 (West 2008) (providing for a $5-per-day credit against fines for each day of incarceration on a bailable offense).

The State, in its appellee's brief, agreed that the circuit clerk lacked the authority to impose those fines but asserted that this court may reimpose the mandatory fines. The State also agreed that defendant was entitled to full credit against this $10 drug-court assessment and $15 children's-advocacy-center assessment because defendant "spent more than seven days in custody before sentencing."

In his reply brief, defendant agreed with the State that this court has the ability to reimpose the $10 drug-court assessment and $15 children's-advocacy-center assessment. If reimposed, defendant asked that those fines be offset by defendant's sentence credit.

Section 5-1101 of the Counties Code grants counties the authority to enact by ordinance (1) a $10 "fee" to be paid by the

defendant on a judgment of guilty to be used to finance the county mental-health court, county drug court, or both (55 ILCS 5/5-1101(d-5) (West 2008)) and (2) a mandatory children's-advocacy-center "fee" of between $5 and $30 to be paid by the defendant on a judgment of guilty (55 ILCS 5/5-1101(f-5) (West 2008)). The McLean County Board has enacted ordinances providing for both "fees." See McLean County Ordinance Setting a $10.00 Fee for Drug Court (eff. September 1, 2006); McLean County Ordinance Setting a $15.00 Fee for the Children's Advocacy Center (eff. June 1, 2008).

Both assessments are mandatory. The statutory provision pertaining to the children's advocacy center provides that the county board may adopt a mandatory fee. See 55 ILCS 5/5-1101(f-5) (West 2008). Although the statutory language relating to the drug-court assessment is permissive, the assessment is mandatory once the county board enacts the ordinance. People v. Price, 375 Ill. App. 3d 684, 701, 873 N.E.2d 453, 468 (2007).

Although identified as "fees" in the statute, the drug-court and children's-advocacy-center assessments have been found to constitute "fines." A fee compensates the State for costs incurred as a result of prosecuting a defendant whereas a fine does not. People v. Sulton, 395 Ill. App. 3d 186, 193, 916

- 10 -

N.E.2d 642, 648 (2009). Here, both the drug-court and children's-advocacy-center assessments are fines as neither compensates the State for costs incurred as a result of the prosecution of defendant. See Sulton, 395 Ill. App. 3d at 192-93, 916 N.E.2d at 647-48 (citing factors in determining whether the drug-court assessment was a cost of prosecution and finding the assessment was a fine); People v. Jones, 397 Ill. App. 3d 651, 664, 921 N.E.2d 768, 778 (2009) (finding the children's-advocacy-center assessment was a fine), appeal pending (March Term 2010).

Because the drug-court and children's-advocacy-center assessments are fines, those assessments cannot be imposed by the circuit clerk. See People v. Swank, 344 Ill. App. 3d 738, 747, 800 N.E.2d 864, 871 (2003) (holding that "[t]he imposition of a fine is a judicial act" and the clerk of the court has no power to levy fines). In this case, who imposed those mandatory fines is unclear. Before accepting defendant's plea, the court admonished defendant that his sentence would include "certain mandatory fines and court costs" and those would include the VCVA assessment and DNA-analysis assessment. The March 24, 2009, docket entry also reflects that defendant's sentence included fines per a supplemental order. No supplemental order is con-

- 11 -

tained in the record. Whether the "Notice to Party" was intended to be the supplemental order is not clear from the record. Further, the notice to party is not reflected as having been filed on the docket sheet, but it is filed stamped. Neither is it signed by the judge. The notice to party is initialed by "TB," who appears to be a clerk. The record contains no other document that can be construed as a supplemental order imposing fines.

Moreover, the trial court indicated at the plea and sentencing hearing that it had sentenced defendant in accordance with the plea agreement. The plea agreement provided for no fine "plus court costs and fees." See, e.g., People v. Evangelista, 393 Ill. App. 3d 395, 401, 912 N.E.2d 1242, 1247 (2009) (wherein the court ordered no fines imposed; the appellate court found that VCVA assessment was mandatory and the clerk could not impose that fine on the court's behalf). However, the reference to "no fine" likely referred to the fine provided for in section 5-9-1 (a)(1) of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5-9-1(a)(1) (West 2008) (providing for a fine for a felony of $25,000 or the amount specified in the offense, whichever is greater)). The court also admonished defendant, before accepting his plea, that in addition to his sentence, "there are certain

- 12 -

mandatory fines and court costs."

As the parties note, this court may reimpose mandatory fines. See Evangelista, 393 Ill. App. 3d at 401, 912 N.E.2d at 1247 (reimposing the mandatory VCVA assessment). The record is not clear whether the trial court imposed those mandatory fines. Assuming the circuit clerk in fact imposed those fines, we vacate the circuit clerk's fines and impose the $10 drug-court assessment and $15 children's-advocacy-center assessment. Defendant is entitled to the $5-per-day credit against the drug-court and children's-advocacy-center fines. See 725 ILCS 5/110-14 (West 2008); Jones, 397 Ill. App. 3d at 664, 921 N.E.2d at 778 ($5-per-day credit applies to the children's-advocacy-center fine); Sulton, 395 Ill. App. 3d at 193, 916 N.E.2d at 648 (finding the issue of monetary credit may be raised for the first time on appeal, and the defendant was entitled to the $5-per-day credit against the drug-court assessment).

C. The $20 VCVA Assessment Must Be Vacated
and Reimposed in the Amount of $24

Defendant last argues that the VCVA assessment must be reduced from $20 to $4. The State argues the VCVA assessment is void and the correct VCVA assessment is $24.

Section 10 of the Violent Crime Victims Assistance Act

provides for a penalty to be collected from each defendant convicted of a felony. 725 ILCS 240/10(b) (West 2008). If no other fines are imposed, the penalty to be collected is $25 for crimes of violence and $20 for any other felony. See 725 ILCS 240/10(c)(1), (c)(2) (West 2008). If other fines are imposed, the penalty is "$4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2008). The VCVA assessment is not subject to the $5-per-day credit provided in section 110-14(a) of the Code of Criminal Procedure of 1963 (Criminal Code) (725 ILCS 5/110-14(a) (West 2008)). See People v. Mingo, 403 Ill. App. 3d 968, 973, 936 N.E.2d 1156, 1160 (2010).

Defendant argues that because other fines were imposed--the $10 drug-court assessment and the $15 children's-advocacy-center assessment--the VCVA assessment must be reduced to $4. In response, the State argues the trial court imposed the $200 DNA-analysis assessment and the circuit clerk lacked the authority to waive the DNA-analysis assessment. The State argues this court should reimpose the $200 DNA-analysis assessment. In such case, defendant's fines would total $225, and the VCVA assessment would total $24.

In his reply brief, defendant argues this court lacks jurisdiction to address the State's argument because (1) the

State is not authorized under Supreme Court Rule 604(a) (210 Ill. 2d R. 604(a)) to appeal the failure to impose a missing fine, and (2) the absence of the DNA-analysis assessment does not render the sentence void. Defendant further argues the State forfeited the issue.

The trial court imposed the DNA-analysis assessment as indicated in the transcript of the plea/sentencing hearing. The court specifically recited the term of the plea agreement that the DNA-analysis assessment would be imposed. At the conclusion of the hearing, the court noted having "sentenced the defendant in accordance with his plea agreement." See, e.g., People v. Thurston, 255 Ill. App. 3d 512, 514-15, 626 N.E.2d 426, 427 (1994) (providing that the appellate court may examine the oral pronouncement of a sentence and the written sentencing order entered the same day when ascertaining the terms of the sentence). The docket entry also reflects the imposition of the DNA-analysis assessment. Nothing in the record indicates the court itself actually rescinded that order.

Presumably, the circuit clerk reduced the DNA-analysis assessment to zero, but the clerk lacked the authority to do so. See, e.g., Swank, 344 Ill. App. 3d at 747-48, 800 N.E.2d at 871 ("[t]he imposition of a fine is a judicial act"). As such, the

- 15 -

reduction of the DNA-analysis assessment to zero is void, and the State can raise the issue in response to defendant's argument that the VCVA assessment must be reduced. See, e.g., People v. Malchow, 193 Ill. 2d 413, 429-30, 739 N.E.2d 433, 443 (2000) (finding that State was allowed to challenge a sentence on appeal; sentence below the minimum term established by the legislature was void). Moreover, the State did not forfeit the issue because defendant never raised his objection to the amount of the VCVA assessment in the trial court.

Finally, defendant argues that section 5-4-3 of the Corrections Code (730 ILCS 5/5-4-3 (West 2008)) does not require redundant DNA sampling and fees.

However, the plea agreement specifically provided for the imposition of the DNA-analysis assessment. See, e.g., People v. Snyder, 387 Ill. App. 3d 1094, 1102, 904 N.E.2d 625, 631-32 (2009) (finding the defendant was not entitled to an additional day of sentence credit where she bargained for her sentence and acquiesced in the sentence imposed). Consequently, this court concludes that the trial court did not err by imposing the $200 DNA-analysis fee and the circuit clerk erred by reducing that fee to zero. Therefore, this court reimposes the DNA-analysis fee of $200 imposed by the trial court. The DNA-analysis assessment is

a fine and is subject to credit under section 110-14 of the Criminal Code (725 ILCS 5/110-14(a) (West 2008)).  People v. Long, 398 Ill. App. 3d 1028, 1034, 924 N.E.2d 511, 517 (2010).  Because other fines were imposed--the DNA-analysis, drug-court, and children's-advocacy-center assessments--and total $225, we vacate the $20 VCVA assessment and impose a VCVA assessment of $24.

This court recognizes the morass of fines, fees, and costs created by the legislature.  The calculation of these sums is a monumental feat which has commonly been accomplished by the clerk after the sentencing, in the clerk's office with the aid of computers.  The wording of much of the legislative language would seem to indicate that the clerk is responsible for assessing and/or collecting not only the fees and costs, but also the fines.  See, e.g., 705 ILCS 105/27.3a(1) (West 2008) (document-storage fee; the county board may require the circuit clerk to collect a document fee to be charged and collected by the clerk of the court); 705 ILCS 105/27.1a (West 2008) (circuit clerk fee; providing that "the clerk of the circuit court must charge the minimum fee"); 725 ILCS 240/10(b) (West 2008) (VCVA assessment; providing that the penalty "shall be collected by the [c]lerk of the [c]ircuit [c]ourt in addition to the fine and costs in the

case"); 730 ILCS 5/5-4-3(j), (k)(2) (West 2008) (DNA-analysis assessment; providing that the defendant "shall pay an analysis fee of $200" and providing "[a]ll fees shall be collected by the clerk of the court"). Further complicating the computations are recent cases which have recharacterized many fees as fines, thereby eliminating the clerk's authority to impose the assessments.

This court also recognizes the daily dilemma faced by the court and clerks, even for those who have staff and computers to support the prompt assessment of the multitude of specific fines, fees, and costs in the courtroom with the defendant present. The myriad of legislative requirements and the complexity of their precise application based on a number of legislative and situational variables make the task immensely difficult. The possibility of error because of the complicated nature of the assessment process is high and is of great concern to the court and to the elected court clerks in the 102 counties in the state of Illinois.

The current situation calls for a comprehensive legislative revision in the assessment of fines, fees, costs and the $5-per-day credit for time spent in custody prior to sentencing. The judicial and clerical time expended on accurate calculation

of the precise assessment of these monies, much of which may never be collected, is phenomenal. In the interim, the current "Notice to Party" form could be utilized in the courtroom and on the record and signed by the presiding judge after the defendant is admonished that the specific mandatory and discretionary fines will be imposed in addition to any unspecified clerk's fees and costs.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment as modified. This court (1) vacates the circuit clerk's assessment of fines and imposes the $10 drug-court and $15 children's-advocacy-center fines, which are offset by credit for the time defendant spent in presentencing custody; (2) reimposes the $200 DNA-analysis assessment, which is offset by credit for the time defendant spent in presentencing custody; and (3) vacates the $20 VCVA assessment and imposes a $24 VCVA assessment.

Affirmed as modified.

KNECHT and POPE, JJ., concur.