NO. 4-09-0965     Opinion Filed 5/20/11

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| DANIEL PAUL ISAACSON, | ) | No. 09CF426 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul G. Lawrence, |
| | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the judgment of the court, with opinion.
Presiding Justice Knecht and Justice Cook concurred in the judgment and opinion.

**OPINION**

In May 2009, a grand jury indicted defendant, Daniel Paul Isaacson, with one count of driving while license suspended in violation of section 6-303(a) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/6-303(a) (West 2008) (text of section effective until June 1, 2009)), as increased to a Class 4 felony under section 6-303(c-3) of the Vehicle Code (625 ILCS 5/6-303(c-3) (West 2008) (text of section effective until June 1, 2009)). In August 2009, defendant filed a motion to dismiss the indictment, asserting he could not have violated section 6-303(c-3) because he was ineligible for a monitoring device driving permit (MDDP) when he drove during his summary suspension. After a September 2009 hearing, the McLean County circuit court denied defendant's motion. At a November 2009 stipulated bench trial, the court found defendant guilty, sentenced him to 24 months of

conditional discharge, 60 days in jail with credit for 32 days served, and ordered him to pay a $200 deoxyribonucleic acid (DNA) fine and a $200 contribution to the Crime Detection Network. Defendant filed a motion to reconsider, again asserting he could not have violated section 6-303(c-3), and the court denied the motion.

Defendant appeals, contending (1) his felony driving-while-license-suspended conviction must be vacated because the trial court misinterpreted section 6-303(c-3), (2) he is entitled to an additional day of sentencing credit, and (3) he is entitled to a $5 credit per day in presentence custody under section 110-14(a) of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/110-14(a) (West 2008)) against his fines. We affirm as modified and remand with directions.

I. BACKGROUND

According to a document in the record filed by the State, defendant was arrested for driving under the influence (DUI) on January 4, 2009, which led to People v. Isaacson, No. 09-DT-13 (Cir. Ct. McLean Co.) (hereinafter case No. 13). At the time of his arrest in case No. 13, defendant consented to a "blood/urine draw," for which the results were completed on February 27, 2009. On January 31, 2009, defendant was again arrested for DUI, which led to People v. Isaacson, No. 09-DT-86 (Cir. Ct. McLean Co.) (hereinafter case No. 86). In case No. 86, defendant consented to a Breathalyzer and had a blood-alcohol content of 0.122. In a document filed February 17, 2009, the

- 2 -

Secretary of State informed defendant of a six-month summary suspension in case No. 86 that was effective March 18, 2009. The document stated defendant was a first offender. On March 4, 2009, defendant opted out of an MDDP, and a copy of the opt-out document was placed in the files of both the cases. In a document filed March 30, 2009, the Secretary of State informed defendant of a 12-month summary suspension in case No. 13 that was effective April 25, 2009. That document stated defendant was not a first offender.

On May 9, 2009, defendant was arrested for driving while license suspended. Two days later, the State charged defendant under section 6-303(c-3) of the Vehicle Code. On June 10, 2009, a grand jury indicted him on the same charge.

In August 2009, defendant filed a motion to dismiss the indictment, asserting he was ineligible to receive an MDDP when he allegedly committed the charged offense. The State filed a response, setting forth some of the facts of defendant's two DUI cases and asserting eligibility is determined at the time the summary suspension is imposed. After a September 2009 hearing, the trial court denied defendant's motion, agreeing with the State's interpretation of section 6-303(c-3).

On November 4, 2009, the trial court held a stipulated bench trial. The parties stipulated to the evidence, but defendant preserved his argument that section 6-303(c-3) did not apply to his situation. The parties also presented the court with a joint sentencing recommendation. After complying with Illinois

Supreme Court Rule 402 (eff. July 1, 1997), the court found defendant guilty and accepted the parties' sentencing recommendation. The court stated defendant's sentence was 24 months of conditional discharge, 60 days in jail with credit for 32 days served, a $200 DNA fine, and a $200 contribution to the Crime Detection Network. The written conditional-discharge order did not expressly list any additional fines but did order defendant to pay any mandatory assessments, including one under the Violent Crime Victims Assistance Act (725 ILCS 240/10 (West 2008)), that were set forth on a form by the circuit clerk. The circuit clerk's "notice to party" document lists, *inter alia*, the $200 DNA fine, the $200 Crime Detection Network contribution, a $15 children's-advocacy-center assessment, and a $10 drug-court assessment but does not list a fine under the Violent Crime Victims Assistance Act.

On November 12, 2009, defendant filed a motion to reconsider, again challenging the application of section 6-303(c-3) to his situation. After a November 23, 2009, hearing, the court denied defendant's motion to reconsider. On December 21, 2009, defendant filed a notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Mar. 20, 2009) that stated he was appealing (1) his sentence and (2) the denial of his motion to reconsider that addressed his conviction. While the parties and trial court agreed defendant's stipulation was tantamount to a guilty plea, it was, in fact, not since defendant just stipulated to the evidence that would be presented

- 4 -

if the case proceeded to a trial and preserved a defense. See *People v. Thompson*, 404 Ill. App. 3d 265, 270, 936 N.E.2d 195, 199 (2010) (noting "a stipulated bench trial is tantamount to a guilty plea if the defendant either: (1) stipulates that the evidence is sufficient for a finding of guilty beyond a reasonable doubt, or (2) does not present or preserve a defense"). Accordingly, Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) does not apply here, and this court has jurisdiction of defendant's conviction and sentence under Illinois Supreme Court Rule 603 (eff. July 1, 1971). See *Netto v. Goldenberg*, 266 Ill. App. 3d 174, 178, 640 N.E.2d 948, 952 (1994) (indicating the notice of appeal may list either the order disposing of the posttrial motion or the order entering the judgment), *overruled on other grounds* by *Holton v. Memorial Hospital*, 176 Ill. 2d 95, 118-19, 679 N.E.2d 1202, 1212 (1997).

## II. ANALYSIS

Defendant first argues his felony conviction under section 6-303(c-3) of the Vehicle Code must be vacated because he was ineligible for an MDDP at the time of his arrest in this case. The State responds section 6-303(c-3) refers to eligibility for an MDDP at the time the summary suspension is imposed. This issue involves a matter of statutory interpretation, which we review *de novo*. See *People v. Williams*, 239 Ill. 2d 503, 506, 942 N.E.2d 1257, 1260 (2011).

When interpreting a statute, our primary objective is to ascertain and give effect to the legislature's intent.

- 5 -

*People v. Zimmerman*, 239 Ill. 2d 491, 497, 942 N.E.2d 1228, 1232 (2010). The most reliable indicator of the legislature's intent is the statute's language, which we must give its plain and ordinary meaning. Moreover, we construe the statute as a whole by interpreting words and phrases in light of other relevant provisions in the statute. Additionally, the court may consider the law's purpose, the evils sought to be remedied, and the consequences that would result from construing the statute one way or another. Also, we presume the legislature did not intend absurdity, inconvenience, or injustice. *Zimmerman*, 239 Ill. 2d at 497, 942 N.E.2d at 1232.

This case involves section 6-303 of the Vehicle Code, which states, in pertinent part, the following:

"(a) Except as otherwise provided in subsection (a-5), any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license, permit or privilege to do so or the privilege to obtain a driver's license or permit is revoked or suspended as provided by this Code or the law of another state, except as may be specifi- cally allowed by a judicial driving permit issued prior to January 1, 2009, [MDDP], family financial responsibility driving per- mit, probationary license to drive, or a

restricted driving permit issued pursuant to this Code or under the law of another state, shall be guilty of a Class A misdemeanor.

* * *

(c-3) Any person convicted of a violation of this Section during a period of summary suspension imposed pursuant to Section 11-501.1 when the person was eligible for a MDDP shall be guilty of a Class 4 felony and shall serve a minimum term of imprisonment of 30 days.

(c-4) Any person who has been issued a MDDP and who is convicted of a violation of this Section as a result of operating or being in actual physical control of a motor vehicle not equipped with an ignition interlock device at the time of the offense shall be guilty of a Class 4 felony and shall serve a minimum term of imprisonment of 30 days." 625 ILCS 5/6-303 (West 2008) (text of section effective until June 1, 2009).

Defendant does not explain how he arrives at his interpretation of the statute but simply asserts the plain language of the statute indicates he must have been eligible for an MDDP when he violated section 6-303. On the other hand, the State explains the phrase "when the person was eligible for a

MDDP" applies to "imposed" as the legislature used a past-tense verb in the phrase.  Thus, the plain language of the statute punishes a violation of section 6-303 during a statutory suspension for which the person was eligible at the time the suspension was imposed.  When eligibility for the MDDP is determined for the purposes of section 6-303(c-3) is a matter of first impression.

In determining what a phrase qualifies, our supreme court has utilized the last antecedent doctrine, which is a long-recognized grammatical canon of statutory construction.  See *In re E.B.*, 231 Ill. 2d 459, 467, 899 N.E.2d 218, 223 (2008).  The last antecedent doctrine provides the following:

> "[R]elative or qualifying words, phrases, or clauses are applied to the words or phrases imme-diately preceding them and are not construed as extending to or including other words, phrases, or clauses more remote, unless the intent of the legislature, as disclosed by the context and read-ing of the entire statute, requires such an exten-sion or inclusion."  *E.B.*, 231 Ill. 2d at 467, 899 N.E.2d at 223.

In section 6-303(c-3), the phrase "when the person was eligible for a MDDP" is closer to "imposed" than "violation."  Only the phrase "pursuant to Section 11-501.1" separates "imposed" from the phrase at issue, and the phrase at issue clearly does not apply to the "pursuant to" phrase.  Moreover, a full reading of the statute does not indicate an extension of the phrase to

"violation."  In describing the aggravating factor in subsection (c-4) (625 ILCS 5/6-303(c-4) (West 2008)), the legislature used the term "at the time of the offense," which it did not use in subsection (c-3).

Additionally, section 6-206.1 of the Vehicle Code (625 ILCS 5/6-206.1 (West 2008)) addresses the reasoning behind the MDDP and states, in pertinent part, the following:

> "It is hereby declared a policy of the State
> of Illinois that the driver who is impaired
> by alcohol, other drug or drugs, or intoxi-
> cating compound or compounds is a threat to
> the public safety and welfare. Therefore, to
> provide a deterrent to such practice, a stat-
> utory summary driver's license suspension is
> appropriate.  It is also recognized that
> driving is a privilege and therefore, that
> the granting of driving privileges, in a
> manner consistent with public safety, is
> warranted during the period of suspension in
> the form of a [MDDP]."

The State's interpretation of the statute is more consistent with the purpose of MDDPs to provide driving privileges in a manner consistent with public safety.  By determining eligibility at the time the summary suspension is imposed, the statute punishes those who initially had the opportunity to get an MDDP and drive in a manner consistent with public safety but drove anyway during

- 9 -

the summary suspension without one.  On the other hand, eligibility at the time of the violation would allow defendants who lost the ability to obtain an MDDP to receive a less severe punishment than those who did not lose the privilege, which is an absurd result.

Accordingly, we hold section 6-303(c-3) of the Vehicle Code applies to individuals who are convicted of violating section 6-303 during a summary suspension, for which the individual was eligible for an MDDP at the time the suspension was imposed.  Thus, we disagree with defendant his guilty finding was based on a misinterpretation of section 6-303(c-3) as the trial court applied the proper construction of the statute.  Additionally, we note defendant does not raise any other challenges to his conviction.

## B. Sentencing Credit

As to his sentence, defendant asserts he is entitled to an additional day of sentencing credit under section 5-8-7(b) of the Unified Code of Corrections (730 ILCS 5/5-8-7(b) (West 2008)).  Specifically, defendant argues he was in custody from May 9 to May 11, 2009, and September 29, 2009, to October 28, 2009.  Moreover, defendant contends he has not waived this issue because the statute is mandatory and the normal waiver rules are inapplicable.  See *People v. Williams*, 328 Ill. App. 3d 879, 887, 767 N.E.2d 511, 519 (2002).  However, this court has held "[a] defendant has the right to first request sentencing credit at any time unless, as here, he agreed to forego it as part of a plea or

other sentencing agreement." *People v. Williams*, 384 Ill. App. 3d 415, 417, 892 N.E.2d 129, 131 (2008). Since defendant's sentencing credit was part of a sentencing agreement, he has forfeited this issue. See *People v. Snyder*, 387 Ill. App. 3d 1094, 1102, 904 N.E.2d 625, 631-32 (2009) (finding the defendant forfeited his sentencing-credit claim because his sentencing credit was part of a sentencing agreement presented to the trial court). Even absent forfeiture, defendant would not be entitled to an extra day of credit because the record indicates defendant was released from custody on October 27, 2009, not October 28.

### C. *Per Diem* Credit

Defendant last asserts he is entitled to a $5 *per diem* credit against his fines under section 110-14(a) of the Procedure Code (725 ILCS 5/110-14(a) (West 2008)) for his days in presentence custody, which was 32 days under the parties' sentencing agreement. In raising his issue, defendant lists four fines. However, the trial court only expressly ordered defendant to pay two fines at sentencing. We recognize that, in its written conditional-discharge order, the court ordered defendant to "[p]ay all fines, restitution, costs, fees and mandatory assessments, including VCVA, as set forth in the fine/cost sheet provided by the McLean County Circuit Clerk." Since two of the fines were not specifically mentioned by the trial court, we must first address defendant's fines before analyzing his credit request.

In *People v. Swank*, 344 Ill. App. 3d 738, 747-48, 800

- 11 -

N.E.2d 864, 871 (2003), this court explained the proper roles of judicial and nonjudicial members in imposing statutory fines as follows:

> "The imposition of a fine is a judicial act. The clerk of a court is a nonjudicial member of the court and, as such, has no power to impose sentences or levy fines. [Citation.] Instead, the circuit clerk has authority only to collect judicially imposed fines. [Citation.]" (Internal quotation marks omitted.)

In this case, the trial court expressly imposed a $200 DNA fine and a $200 contribution to the Crime Detection Network and then ordered defendant to pay whatever mandatory assessments, including the fine under the Violent Crime Victims Assistance Act (725 ILCS 240/10 (West 2008)), that were listed by the circuit clerk. The record contains no evidence the court itself determined the mandatory fines that applied to defendant's conviction and the appropriate amounts of those fines. The conditional-discharge order erroneously abdicated that task to the circuit clerk. Regarding the $15 children's-advocacy-center and the $10 drug-court assessments, this court has found both of those fines are mandatory. See *People v. Folks*, 406 Ill. App. 3d 300, 305, 943 N.E.2d 1128, 1132 (2010). Since the two assessments are fines, the circuit clerk did not have authority to impose them. *Folks*, 406 Ill. App. 3d at 306, 943 N.E.2d at 1133. When pre-

- 12 -

sented with mandatory fines assessed by the clerk, we may vacate the fines and reimpose them ourselves. *People v. Schneider*, 403 Ill. App. 3d 301, 305, 933 N.E.2d 384, 389 (2010). Thus, we vacate the $15 children's-advocacy-center and the $10 drug-court assessments and reimpose them.

While the trial court ordered defendant to pay a Violent Crime Victims Assistance Act fine in the conditional-discharge order, it did not determine the proper amount of that fine. Under the Violent Crime Victims Assistance Act, if no other fines are imposed, the penalty to be collected is $25 for crimes of violence and $20 for any other felony. See 725 ILCS 240/10(c)(1), (c)(2) (West 2008). If other fines are imposed, the penalty is "$4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2008). Here, defendant's fines total $425, and thus his fine under section 10(b) of the Violent Crime Victims Assistance Act is $44. Because the fine is mandatory, we remand the cause for the trial court to expressly impose the amount of the fine. See *People v. Scott*, 152 Ill. App. 3d 868, 873, 505 N.E.2d 42, 46 (1987).

As to the *per diem* credit, section 110-14(a) of the Procedure Code (725 ILCS 5/110-14(a) (West 2008)) provides the following:

> "Any person incarcerated on a bailable of-
> fense who does not supply bail and against
> whom a fine is levied on conviction of such
> offense shall be allowed a credit of $5 for

- 13 -

each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine."

While defendant did not raise this issue in the trial court, the issue is not forfeited. See *People v. Watson*, 318 Ill. App. 3d 140, 143, 743 N.E.2d 147, 149 (2000). The State concedes defendant is entitled to $160 credit based on defendant's 32 days of pretrial custody. The credit is available to offset defendant's fines, except for the $44 Violent Crime Victims Assistance Act fine, which is not subject to offset (725 ILCS 240/10(b) (West 2008)). Thus, on remand, when the trial court enters an amended sentencing judgment, the court should include the $160 credit under section 110-14(a).

### III. CONCLUSION

For the reasons stated, we affirm as modified the trial court's judgment and remand the cause to the McLean County circuit court for the entry of an amended sentencing judgment that includes the $15 children's-advocacy-center fine, the $10 drug-court fine, the $44 Violent Crime Victims Assistance Act fine, and a credit of $160. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed as modified and remanded with directions.