[No. E029989. Fourth Dist., Div. Two. Nov. 15, 2001.]

THE PEOPLE, Plaintiff and Appellant, v.
PAUL MORTIMER WHITE, Defendant and Respondent.

**COUNSEL**

John Roth, Public Defender, and Michael Kennedy, Deputy Public Defender, for Defendant and Respondent.

Dennis Stout, District Attorney, Mark Vos, Lead Deputy District Attorney, and Lyvia Liu, Deputy District Attorney, for Plaintiff and Appellant.

**OPINION**

**McKINSTER, J.**—The issue in this case is whether a license plate that is partially obscured by a trailer hitch ball violates Vehicle Code section 5201,

which in pertinent part requires that license plates be mounted so as to be "clearly visible," and thus establishes a constitutional basis for a law enforcement officer to stop the vehicle. The issue arises in the context of a suppression motion that the trial court granted based on the trial court's view that the stop was unlawful. Because all evidence against defendant was suppressed, the trial court also dismissed the various misdemeanor charges that had been filed against him.[1] The Appellate Division of San Bernardino Superior Court (hereafter Superior Court) held that the stop was lawful, and reversed the trial judge. On our own motion, in accordance with rule 62(a) and (b) of the California Rules of Court, we ordered transfer of this case from the Superior Court. We conclude that the stop was lawful and, therefore, we will reverse the trial court.

BACKGROUND

On October 12, 2000, San Bernardino County Sheriff's Deputy Brandon Wiebeld stopped defendant's pickup truck after noticing that a trailer hitch or tow ball on the truck's rear bumper blocked the deputy's view of the middle numeral of the rear license plate. Deputy Wiebald testified that he believed the tow ball's position violated Vehicle Code section 5201, which requires that license plates be clearly visible. On cross-examination, defendant had Deputy Wiebald identify two photographs that depicted the rear view of defendant's truck. In one photo, taken from directly behind the vehicle, the trailer hitch ball obscures the lower half of the middle numeral on the rear license plate. Nevertheless, the trial court granted defendant's motion to suppress and in doing so stated, "I have had similar cases like this before and I know that the appellate . . . department of the court here in San Bernardino County has ruled that in situations such as this, the two [sic] bar [presumably 'tow' bar] isn't an obstruction as defined by . . . 5201 of the Vehicle Code. They seem to feel that the section deals with a situation in which there's dirt or grit or grime or material on the license plate that completely obliterates it, and that a two bar—a tow ball is normally positioned in such a way that one could look around and see it and it is not within the clear definition of that section, and I have gone through motions like this before in the past, and based upon that, I'm going to grant the motion [to suppress]."

Contrary to the trial judge's understanding of the appellate division's view regarding trailer hitch balls, the Superior Court appellate division reversed

---

[1] After stopping defendant's truck for the license plate violation, the officer cited him for driving while intoxicated and with a blood-alcohol level of at least .08 percent, in violation of Vehicle Code section 23152, subdivisions (a) and (b), and driving on a suspended license, in violation of Vehicle Code section 14601.2.

the trial court's order granting defendant's motion to suppress. In doing so, the court found that the trailer hitch ball was positioned in a manner that violated Vehicle Code section 5201. We agree and adopt the court's reasoning here.

## DISCUSSION

█ We begin with the well-established principle that in reviewing a lower court's ruling on a motion to suppress evidence, the reviewing court is "bound by the trial court's factual findings, whether express or implied, if they are supported by substantial evidence. However, . . . questions of law [are reviewed] independently to determine whether the challenged seizure meets constitutional standards of reasonableness." (*People v. Boissard* (1992) 5 Cal.App.4th 972, 977 [8 Cal.Rptr.2d 738], citing *People v. Loewen* (1983) 35 Cal.3d 117, 123 [196 Cal.Rptr. 846, 672 P.2d 436] and *People v. Leyba* (1981) 29 Cal.3d 591, 596-597 [174 Cal.Rptr. 867, 629 P.2d 961].)

Although the trial court granted defendant's suppression motion, in doing so the trial court impliedly found that the trailer hitch ball on defendant's pickup truck partially obscured his rear license plate, at least when viewed from a vantage point directly behind the vehicle. █ The first issue we must resolve is whether that obstruction constitutes a violation of Vehicle Code section 5201. █ If so, the remaining issue is whether under the pertinent Fourth Amendment principles, the partially obscured license plate afforded Deputy Wiebald a legally cognizable reason to detain defendant. The answer to that question is well settled—a law enforcement officer may, consistent with the Fourth Amendment, briefly detain a vehicle if the objective facts indicate that the vehicle has violated a traffic law. The officer's subjective motivation in effecting the stop is irrelevant. (*Whren v. United States* (1996) 517 U.S. 806, 809-810 [116 S.Ct. 1769, 1772-1773, 135 L.Ed.2d 89].)

█ The traffic law at issue in this case is Vehicle Code section 5201, which provides in pertinent part, that "License plates shall at all times be . . . mounted in a position to be clearly visible, and shall be maintained in a condition so as to be clearly legible." The statute imposes two obligations —that the plate be clearly visible when mounted on the vehicle and that it also be clearly legible. In reversing the trial court's order granting defendant's motion to suppress, the Superior Court concluded, as evidenced by the words used, i.e., "clearly visible," that the Legislature intended in enacting the noted Vehicle Code section that the view of the license plate be entirely unobstructed. We agree with that conclusion.

█ In interpreting a statute, the object is to determine the intent of the Legislature so as to achieve the purpose of the law. (*People v. Coronado*

(1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) "In determining that intent, we first examine the words of the . . . statute[]: 'If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." [Citation.]' " (*Ibid.*)

 The words "clearly visible" are unambiguous. "Visible" means "capable of being seen," "perceptible to vision," "exposed to view," "conspicuous." (Webster's 9th New Collegiate Dict. (1987) p. 1318.) The term "clearly" means "free from obscurity . . . unmistakable . . . unhampered by restriction or limitation." (*Id.* at p. 247.) In using the phrase "clearly visible" in Vehicle Code section 5201, it is apparent that the Legislature meant a license plate must not be obstructed in any manner and must be entirely readable. A license plate mounted in a place that results in it being partially obstructed from view by a trailer hitch ball violates Vehicle Code section 5201 and, thus, provides a law enforcement officer with a lawful basis upon which to detain the vehicle and hence its driver. Because the detention was lawful, the trial court erred in granting defendant's motion to suppress and dismissing the charges.

DISPOSITION

The judgment of dismissal is reversed.

Hollenhorst, Acting P. J., and Richli, J., concurred.