2011 WY 19

**Bradley Allen PARKS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–10–0136.**

Supreme Court of Wyoming.

Feb. 9, 2011.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; David E. Westling, Senior Assistant Appellant Counsel.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Paul S. Rehurek, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Bradley Allen Parks, was charged with a third offense for possession of a controlled substance, a felony under Wyo. Stat. Ann. § 35–7–1031(c)(i). He entered a conditional guilty plea and reserved the right to appeal the district court's decision denying his motion to suppress. We affirm the district court's denial of the suppression motion.

## ISSUE

[¶ 2] Mr. Parks presents the following issue:

Did the district court err in its interpretation of W.S. § 31–2–205 and its application to a search pursuant to a traffic stop and

therefore err in the denial of Appellant's motion to suppress evidence?

The State phrases the issue as follows:

Did the district court err in finding that Officer Ransom had probable cause to stop Appellant's vehicle for an improper display of a license plate under Wyo. Stat. Ann. § 31–2–205?

### FACTS

[¶ 3] On the afternoon of January 26, 2008, Officer Derek Ransom of the Mills Police Department was on traffic enforcement patrol on West Yellowstone Highway in Mills. During his patrol, Officer Ransom observed an older model Chevrolet pickup driven by Mr. Parks. A trailer hitch ball was mounted in a predrilled hole in the truck's factory bumper so that the license plate was partially obstructed. Due to the obstruction, Officer Ransom was unable to read the license plate. Officer Ransom followed the truck for a distance and activated his overhead lights just as, or shortly before, Mr. Parks approached his residence.

[¶ 4] Mr. Parks exited the truck and Officer Ransom directed him to get back inside the vehicle for safety reasons. Officer Ransom, now standing by his own car door and close to the truck's rear license plate, called in the plate number to his dispatcher. He then approached the driver's side door of the truck and informed Mr. Parks that he had been stopped for an obscured license plate and that he needed to remove the trailer ball when he had his first chance to do so. As he was talking to Mr. Parks, Officer Ransom smelled the odor of burnt marijuana coming from inside the truck. After questioning by Officer Ransom, Mr. Parks surrendered a bag of marijuana and a pipe. Mr. Parks was eventually cited and released. After discovering that Mr. Parks had two prior drug possession convictions, the State dismissed the citation and charged Mr. Parks with a third offense for possession of a controlled substance, a felony under Wyo. Stat. Ann. § 35–7–1031(c)(i).

[¶ 5] Mr. Parks filed a motion to suppress, alleging that the officer's stop of his vehicle violated Fourth Amendment protections against unreasonable searches and seizures. After a hearing, the district court denied the motion. Mr. Parks subsequently entered a conditional guilty plea to the charge of possession of a controlled substance, and this appeal followed.

### STANDARD OF REVIEW

[¶ 6] The applicable standard of review has been stated as follows:

When we review a district court's decision to deny motions to suppress, we defer to the district court's findings of fact unless they are clearly erroneous. *Fertig v. State*, 2006 WY 148, ¶ 8, 146 P.3d 492, 495 (Wyo.2006); *O'Boyle v. State*, 2005 WY 83, ¶ 18, 117 P.3d 401, 407 (Wyo.2005). "The evidence is viewed in a light favorable to the district court's determination, because that court had the opportunity to hear the evidence and assess the credibility of the witnesses." *Hicks v. State*, 2008 WY 83, ¶ 13, 187 P.3d 877, 880 (Wyo.2008). The issue of law—whether a search was unreasonable and in violation of constitutional rights—is reviewed *de novo. Fertig*, ¶ 8, 146 P.3d at 495; *McChesney v. State*, 988 P.2d 1071, 1074 (Wyo.1999).

*Lovato v. State*, 2010 WY 38, ¶ 11, 228 P.3d 55, 57–58 (Wyo.2010).

### DISCUSSION

[¶ 7] The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. A routine traffic stop constitutes a seizure within the meaning of the Fourth Amendment "even though the purpose of the stop is limited and the resulting detention quite brief." *Damato v. State*, 2003 WY 13, ¶ 9, 64 P.3d 700, 704 (Wyo.2003). The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. *Fertig*, ¶ 27, 146 P.3d at 501; *see also Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

[¶ 8] Mr. Parks was stopped for a violation of Wyo. Stat. Ann. § 31–2–205. That statute provides as follows:

(a) License plates for vehicles shall be:

(i) Conspicuously displayed and securely fastened to be *plainly visible:*

. . .

(ii) Secured to prevent swinging;

(iii) Attached in a horizontal position no less than twelve (12) inches from the ground;

(iv) Maintained free from foreign materials and in a condition to be *clearly legible.*

Wyo. Stat. Ann. § 31–2–205 (LexisNexis 2009) (emphasis added). At the district court's hearing on the motion to suppress, Officer Ransom testified that he could not see all of the numbers on Mr. Parks' license plate while following Mr. Parks' vehicle. Officer Ransom stated that he typically calls in a license plate to the police dispatcher before activating his overhead lights to stop the suspect vehicle. In this instance, however, he was unable to follow his normal procedure because he could not read the license plate. He called in the license plate number after stopping Mr. Parks and exiting his patrol vehicle to read the plate.

[¶ 9] A video of the traffic stop taken from Officer Ransom's patrol vehicle was also presented at the hearing. The district court was unable to determine from the video whether the trailer ball obscured Mr. Parks' license plate. It found that "[t]he video quality is not sufficient to allow any definitive determination other than the numbers are not visible." However, the district court found that "there's nothing to indicate to this Court that what [Officer Ransom] believed was an obscured number or plate is—is untrue." The court noted that Officer Ransom could be heard on the video informing Mr. Parks that "[t]he reason I stopped you is because of your obscured plate in the back. The ball hitch there obscures the numbers, and I can't read it. You need to remove that when you get the first chance okay?" Although the video of the traffic stop indicated that Mr. Parks also could have been stopped because he failed to use a turn signal and because his brake lights were inoperative, Officer Ransom stated that he did not recall noticing these violations. Due in part to Officer Ransom's honesty regarding the unobserved violations, and the fact that Officer Ransom's actions during the stop were consistent with his testimony, the court found that "Officer Ransom's testimony was very credible." The district court held that "there was probable cause to initiate [the] stop based upon the credible and uncontradicted testimony of Officer Ransom."

[¶ 10] Mr. Parks concedes that the evidence was sufficient to support the district court's factual determination that the license plate was obstructed. He contends, however, that a trailer hitch ball that partially blocks a license plate is not a violation of Wyo. Stat. Ann. § 31–2–205. He notes that the statute does not require license plates to be visible from a police vehicle, or from a specific angle or distance. Mr. Parks argues that his license plate was "clearly legible" and "plainly visible," as evidenced by the fact that Officer Ransom was ultimately able to read the license plate number and call it in to the dispatcher.

[¶ 11] In interpreting the license plate display statute, we apply our usual rules of statutory construction:

Statutory interpretation is a question of law. Our paramount consideration is the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute. Initially, we determine whether the statute is clear or ambiguous.

A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. Conversely, a statute is ambiguous if it is found to. be vague or uncertain and subject to varying interpretations. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute.

*Sorensen v. State Farm Auto. Ins. Co.,* 2010 WY 101, ¶ 13, 234 P.3d 1233, 1237 (Wyo. 2010).

[¶ 12] We find that the pertinent language of Wyo. Stat. Ann. § 31–2–205 is unambiguous. "Visible" means "capable of being seen," "perceptible by vision," "easily seen," "conspicuous." *Webster's Third New International Dictionary* 2557 (3d ed. 2002). "Plainly" means "with clarity of perception or

comprehension," "clearly," "in unmistakable terms." *Id.* at 1729. "Legible" means "capable of being read or deciphered," "distinct to the eye," "plain." *Id.* at 1291. The requirements that a license plate be "plainly visible" and "clearly legible" indicate that a license plate must not be obstructed in any manner. This interpretation is in accord with the purpose of the statute. License plates need to be easily read in order to facilitate law enforcement and ordinary citizens in reporting and investigating hit-and-run accidents, traffic violations, gas-pump drive offs, and other criminal activity. *See United States v. Rubio–Sanchez,* 2006 U.S. Dist. LEXIS 21230, 2006 WL 1007252 (D.Kan. Apr. 17, 2006) ("Law enforcement [officers] frequently must determine from tag numbers whether a vehicle is stolen; whether it is properly registered; or whether its occupant is suspected of a crime, is the subject of a warrant, or is thought to be armed.") (quoting *State v. Hayes,* 8 Kan. App.2d 531, 533, 660 P.2d 1387, 1389 (1983)). The plain language and the purpose of the statute indicate that a trailer ball mounted in a place that causes it to partially obstruct a license plate from view is a violation of Wyo. Stat. Ann. § 31–2–205.

[¶ 13] Our holding is also consistent with our recent decision in *Lovato,* 228 P.3d 55. In that case, the appellant's license plate was obscured by a translucent plastic cover. The police officer stopped the appellant because he was unable to read the appellant's license plate number until he was very close behind his vehicle. The district court found that the cover violated the statute, providing justification for the stop. *Id.,* ¶ 22, 228 P.3d at 60. On appeal, we found that "it is conceivable that in some angles of sunlight, the combination of glare and tinting could make the license plate harder to read." *Id.,* ¶ 21, 228 P.3d at 60. We upheld the district court's decision that the stop was justified, despite the fact that the plate may have been visible from certain angles or positions. *Id.,* ¶ 22, 228 P.3d at 60.

[¶ 14] In support of his argument, Mr. Parks relies on *Harris v. State,* 11 So.3d 462 (Fla.Dist.Ct.App.2d Dist.2009), a Florida case in which the court found that a trailer hitch ball which partially blocked a license plate did not violate Florida's license plate display statute. However, that case is distinguishable. The relevant portion of Fla. Stat. § 316.605(1) reads as follows:

[A]ll letters, numerals, printing, writing, and other identification marks upon the plates regarding the word "Florida," the registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front.

*Harris,* 11 So.3d at 463 (emphasis omitted). The court found that the "plainly visible" language of the statute was not a stand-alone requirement but, rather, applied to "license plates [that were] obstructed by defacement, mutilation, grease, or 'other obscuring matter.'" *Id.* To interpret the statute as it applied to trailer hitches, the court used the doctrine of *ejusdem generis.* That doctrine provides that where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated. *Id.* The court then determined that "[m]atters external to the tag, such as trailer hitches, bicycle racks, handicap chairs, u-hauls, and the like are not covered by the statute" because they are not in the same class as the obscuring matter identified in the statute. *Id.* at 463–64. Wyoming's license plate display statute, however, is significantly different from the Florida statute. Under Wyo. Stat. Ann. § 31–2–205(a)(i), the requirement that a license plate be "plainly visible" is not connected to any class of "obscuring matter," and the doctrine of *ejusdem generis* is not applicable.

[¶ 15] In addition, the court in *Harris* noted that it was in the minority of jurisdictions finding that a trailer hitch ball which obstructs a license plate is not a traffic violation. Indeed, a number of jurisdictions have considered this issue and nearly all have determined that a trailer hitch that partially obstructs a license plate is a traffic violation. *See, e.g., Rubio–Sanchez,* 2006 U.S. Dist. LEXIS 21230, at *23, 2006 WL 1007252, at *5 ("A license plate is not clearly visible and

legible if obscured by a ball hitch."); *United States v. Unrau,* 2003 U.S. Dist. LEXIS 12307, at *8, 2003 WL 21667166, at *3 (D.Kan. Jun. 16, 2003) ("A tag is not positioned to be plainly visible when it is behind a ball hitch that blocks an officer from reading the entire plate while following at a reasonably safe distance."); *People v. White,* 93 Cal.App.4th 1022, 113 Cal.Rptr.2d 584, 586 (2001) ("In using the phrase 'clearly visible' ... it is apparent that the Legislature meant a license plate must not be obstructed in any manner and must be entirely readable."); *State v. Hill,* 2001–NMCA–094, 131 N.M. 195, 203, 34 P.3d 139, 147 (N.M.App.2001) (license plate is not clearly legible when a trailer hitch obstructs part of the plate from some viewing angles); *State v. Smail,* 2000 Ohio App. LEXIS 4599, at *7, 2000 WL 1468543, at *2 (Ohio Ct.App. Sept. 27, 2000) (the middle numbers of a license plate are not in "plain view" if obstructed by a ball hitch even though readable from the side of the vehicle); *State v. McCue,* 119 Wash.App. 1039, 2003 WL 22847338, at *3 (Wash.Ct. App.2003) (a license plate is not plainly seen and readable if partially obscured by a trailer hitch and only fully visible at certain angles). We agree with the majority of jurisdictions that have considered this issue and determined that a trailer ball positioned so as to partially obstruct a license plate constitutes a violation of the respective license plate display statute. The traffic stop in this case was justified based on an observed violation of Wyo. Stat. Ann. § 31–2–205.

[¶ 16]   Affirmed.