**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 14, 2014**

# In the Court of Appeals of Georgia

A14A1112. WORLDS v. THE STATE.

BOGGS, Judge.

We granted Teresa Worlds' interlocutory application in this case to determine whether a trailer hitch ball installed on the bumper of a vehicle in front of the rear license plate "obstructs or hinders the clear display and legibility of a license plate" within the meaning of OCGA § 40-2-41. Worlds appeals from the trial court's denial of her motion to suppress, urging that the trial court erred in concluding that her license plate was obstructed, thus justifying a traffic stop. We disagree and affirm.

"When reviewing a trial court's ruling on a motion to suppress, we apply the 'any evidence' standard, which means that we sustain all of the trial court's findings of fact that are supported by any evidence. We construe all evidence presented in favor of the trial court's findings and judgment." (Citation, punctuation, and footnote

omitted.) *Davis v. State*, 302 Ga. App. 144, 144-145 (690 SE2d 464) (2010). Because Worlds "intensely cross-examined the officer and challenged his credibility" in the hearing on the motion to suppress, we "do not apply a de novo standard of review, which applies only where the facts are undisputed." (Citation and footnote omitted.) Id. at 145.

So construed, the evidence showed that in November 2012, a police officer stopped Worlds' vehicle after he observed "that the fourth digit [of her license plate] was obstructed by the attached ball hitch."[1] During the stop, the officer discovered drugs in plain view in the vehicle. At the hearing on her motion to suppress, Worlds introduced photographs of her vehicle purporting to show that the license plate was not obscured by the hitch. The officer, however, testified that the photographs did not show the plate as it appeared to him when he made the traffic stop, because they were taken at a different angle and distance and not while the two vehicles were moving. At least one of Worlds' photographs, moreover, shows the fourth digit on the license plate partially obstructed by the bumper hitch, as testified to by the officer. The video

---

[1]While the officer testified that he initially followed Worlds' vehicle because he observed it leaving "a high drug area," "the stop of a vehicle is authorized, and not pretextual, if the officer observed a traffic offense." (Citations, punctuation, and footnote omitted.) *Nelson v. State*, 247 Ga. App. 455 (1) (544 SE2d 189) (2001).

2

recording of the stop is of poor quality, but the video shows the bumper hitch concealing at least one of the license plate numbers, and the officer's recorded comment to dispatch states that he cannot read the entire tag. The trial court concluded, "based upon the officer's testimony, the video recording and the photographs put into evidence by the defense, that the clear display and legibility of the plate was obstructed by the ball hitch in this case, giving the officer a valid basis to stop the vehicle driven by the Defendant."

1. Worlds contends that a single, partially obscured digit on a license plate does not violate the law. The applicable Code section provides:

OCGA § 40-2-41. Display of license plates

Unless otherwise permitted under this chapter, every vehicle required to be registered under this chapter, which is in use upon the highways, shall at all times display the license plate issued to the owner for such vehicle, and the plate shall be fastened to the rear of the vehicle in a position so as not to swing and shall be at all times *plainly visible*. No person shall display on the rear of a motor vehicle any temporary or permanent plate or tag not issued by the State of Georgia which is intended to resemble a license plate which is issued by the State of Georgia. The commissioner is authorized to adopt rules and regulations so as to permit the display of a license plate on the front of certain vehicles. *It shall be the duty of the operator of any vehicle to keep the license plate legible at all times.* No license plate shall be covered with

any material unless the material is colorless and transparent. *No apparatus that obstructs or hinders the clear display and legibility of a license plate shall be attached to the rear of any motor vehicle required to be registered in the state.* Any person who violates any provision of this Code section shall be guilty of a misdemeanor.

(Emphasis supplied.) The fact that the plate was only *partially* obstructed does not change the fact that the hitch "hindered" the "clear display" of the plate and that part of it was not "legible." See, e.g., *State v. Davis*, 283 Ga. App. 200, 201 (1) (641 SE2d 205) (2007) (plate cover that partially obscured name of state violated Code section, even though officer recognized state of origin); *Nelson v. State*, 247 Ga. App. 455, 456 (1) (544 SE2d 189) (2001) (black plate border obscured name of state but not numbers; "the statute does not specify that only certain portions of the tag must not be obscured.") And

we must defer to the trial court's determination on the credibility of witnesses, and the trial court's ruling on disputed facts must be accepted unless it is clearly erroneous. Under these circumstances, the trial court was authorized to reject [Worlds' witness'] testimony and to believe [the officer's] testimony. . . . And when an officer observes a traffic law violation, the resulting stop is not pretextual.

4

(Citation and footnote omitted.) *Bailey v. State*, 283 Ga. App. 365, 367 (1) (641 SE2d 548) (2006) (appellant stopped for failure to wear seat belt and obscured decal). *State v. Aguirre*, 229 Ga. App. 736 (494 SE2d 576) (1997), cited by Worlds, is not dispositive because of our standard of review. There, we deferred to the trial court's conclusion that the writing on a temporary tag was legible and that the officer's stop was pretextual, observing that "in the absence of evidence of record demanding a finding contrary to the judge's determination, the appellate court will not reverse the ruling sustaining a motion to suppress. [Cits.]" Id. at 737.[2] Here, the trial court's conclusion was supported by the evidence, including the officer's testimony that he was unable to read the entire license plate and the video showing that he gave several alternative numbers to dispatch based upon those numbers that he could read, and the evidence did not *demand* a contrary finding.

2. Worlds also argues that OCGA § 40-2-41 applies only to items such as a plate cover that are attached to the license plate itself, not to other items attached to the motor vehicle, such as a trailer hitch attached directly to the bumper. OCGA § 40-

---

[2]We have observed that *Aguirre* is also factually distinguishable because it "affirmed the *grant* of a motion to suppress because the temporary Ohio license tag was covered only by a clear plastic cover which the evidence showed had no effect on the legibility of the tag." (Citation and footnote omitted; emphasis in original.) *Nelson*, supra, 247 Ga. App. at 456.

2-41 provides in pertinent part that the license plate "shall be at all times plainly visible," that "[i]t shall be the duty of the operator of any vehicle to keep the license plate legible at all times," and that "[n]o apparatus that obstructs or hinders the clear display and legibility of a license plate shall be attached to the rear of any motor vehicle required to be registered in the state." Georgia decisions have interpreted this Code section to forbid license plate frames and covers that obscure portions of the plate. See *Davis*, supra, 283 Ga. App. at 201 (1), *Bailey*, *Nelson*, and *Aguirre*, supra; see also *Wilson v. State*, 306 Ga. App. 286-287 (1) (702 SE2d 2) (2010) (registration decal). But the question of whether the statute forbids items other than those attached to the license plate itself has not been addressed in Georgia.

Other states, however, have determined that a bumper hitch that obscures part of a license plate violates a statute requiring that a plate be "plainly visible" or "legible." In *People v. White*, 93 Cal. App. 4th 1022 (113 CalRptr2d 584) (2001), a deputy testified that he stopped White because the bumper hitch on his pickup truck blocked the lower half of the middle numeral on the license plate. Id. at 1024. The trial court granted White's motion to suppress because it believed the statute dealt only with "dirt or grit or grime or material on the license plate." Id. The California Court of Appeal considered the applicable Vehicle Code section 5201, which

6

provided: "License plates shall at all times be . . . mounted in a position to be clearly visible, and shall be maintained in a condition so as to be clearly legible." The court concluded that partial obstruction by a trailer hitch ball violated this Code section because "a license plate must not be obstructed in any manner and must be entirely readable." Id. at 1026. It therefore reversed the trial court's grant of the motion to suppress. Id.

In *Parks v. State*, 2011 WY 19 (247 P3d 857) (2011), as here, a "trailer hitch ball was mounted in a predrilled hole in the truck's factory bumper so that the license plate was partially obstructed." 247 P3d at 858. The applicable law, Wyo. Stat. Ann. §31-2-205, provided that a license plate shall be "plainly visible" and "[m]aintained free from foreign materials and in a condition to be clearly legible." Id. at 858-859. The Wyoming Supreme Court concluded:

> The requirements that a license plate be "plainly visible" and "clearly legible" indicate that a license plate must not be obstructed in any manner. This interpretation is in accord with the purpose of the statute. License plates need to be easily read in order to facilitate law enforcement and ordinary citizens in reporting and investigating hit-and-run accidents, traffic violations, gas-pump drive offs, and other criminal activity. . . . Law enforcement officers frequently must determine from tag numbers whether a vehicle is stolen; whether it is properly registered; or whether its occupant is suspected of a crime, is

the subject of a warrant, or is thought to be armed. The plain language and the purpose of the statute indicate that a trailer ball mounted in a place that causes it to partially obstruct a license plate from view is a violation of Wyo. Stat. Ann. § 31-2-205.

(Citations and punctuation omitted.) Id. at 860. Here, once the officer stopped Worlds' vehicle and was able to read the complete license plate number, he discovered that the vehicle's registration was suspended and there was no valid insurance on it.

The Florida Court of Appeal in *Harris v. State*, 11 So3d 462 (Fla. Dist. Ct. App. 2d Dist. 2009), reached a different result based upon Fla. Stat. § 316.605(1), requiring that numbers and other marks on license plates "shall be clear and distinct and free from defacement, mutilation, grease, and *other obscuring matter*." Id. at 463 (Emphasis in original). The court applied the statutory construction principle of "ejusdem generis" to hold that the language "other obscuring matter" applied "only to matter on the tag itself" and that "[m]atters external to the tag, such as trailer hitches, bicycle racks, handicap chairs, u-hauls, and the like are not covered by the statute." Id. at 463-464.[3]

_____

[3]Similarly, in *People v. Gaytan*, 2013 Ill. App. 4th 120217 (992 NE2d 17, 25-26) (2013), the Appellate Court of Illinois construed a statute requiring that "[e]very

The court acknowledged that its holding was in the minority on this point, noting *White*, supra, as well as decisions from New Mexico and Ohio finding that statutes with the "clearly legible" or "visible" language prohibited license plates partially obscured by trailer hitches. Id. at 464.[4] Similarly, the Supreme Court of Wyoming in *Parks*, supra, observes that "a number of jurisdictions have considered this issue and nearly all have determined that a trailer hitch that partially obstructs a license plate is a traffic violation," citing United States district court decisions from Kansas and a Washington State Court of Appeals decision as well as the decisions cited by the Florida court. 247 P3d at 861.

Bearing in mind these decisions, the plain wording of OCGA § 40-2-41 does not limit its prohibition to items attached to the license plate itself, but includes any

registration plate . . . shall be maintained in a condition to be clearly legible, *free from any materials that would obstruct the visibility of the plate*, including, but not limited to, glass covers and plastic covers." (Emphasis in original.) Id., 992 NE2d at 20-21 (II) (B). The court held that this provision applied only to materials attached to the plate and not to a trailer ball hitch. The court noted the distinction between statutes using the "clearly/plainly legible" and "visible" language and the Illinois and Florida statutes which refer to the plate itself. Id. at 22-23 (II) (B).

[4]The Florida court also cited to a different Ohio Court of Appeals case holding that the trial court did not err in granting a motion to suppress when a state trooper contended that a portion of the defendant's license plate was obscured by a trailer hitch, but that decision does not consider the wording of the applicable statute, if any. *State v. Ronau*, 2002 Ohio 6687, 2002 Ohio App. LEXIS 6480 (Ohio App. 2002).

"apparatus" that is "attached to *the rear of any motor vehicle*" (emphasis supplied), such as the bumper hitch at issue here. It is not clear whether a distinction can be made between an attachment that obscures the license plate and is more or less permanent – such as a trailer ball bolted to the vehicle itself – and a temporary attachment such as a separate, removable trailer hitch inserted into a receiver welded to the vehicle frame, a bicycle rack whether loaded or unloaded, or a hitch tray or step folded in an upright position against the rear of the vehicle or piled high with luggage. But that is not a question that need be answered here, although the General Assembly would be the proper body to clarify the point.

*Judgment affirmed. Barnes, P. J., and Branch, J., concur*.