Filed 11/25/24  P. v. Sherman CA3

NOT <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C099587 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-184853) |
| v. | |
| TROY THEOSIUS SHERMAN, | |
| Defendant and Appellant. | |

After the trial court denied his motion to suppress evidence, defendant Troy Theosius Sherman pled no contest to two drug offenses and admitted a prior strike conviction.  On appeal, defendant contends the trial court erred by denying his motion to suppress because police officers lacked reasonable suspicion to stop his car.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of April 5, 2022, Roseville police officers pulled defendant over for driving above the speed limit and for driving with an improperly illuminated license plate that was partially obstructed by weatherstripping.  After the

1

traffic stop, officers conducted a search of defendant, his sole passenger, and his car, uncovering a gun, a loaded magazine, several kinds of controlled substances, and a scale. Defendant was charged with several drug and weapons related offenses. Defendant filed a motion to suppress pursuant to Penal Code section 1538.5, challenging the initial traffic stop.

Roseville Police Officer Chase Ivey testified that while driving his patrol car he observed defendant driving with a "license plate lens [that] did not properly illuminate the license plate" and that the license plate was "also partially obstructed." Officer Ivey clarified he could not read the numbers on defendant's license plate because a piece of rubber obscured the license plate numbers.

Officer Ivey also believed defendant was driving between 60 and 70 miles per hour in a 40-mile-per-hour zone, which he considered unsafe given the time of day and moderate traffic levels. Officer Ivey visually estimated defendant's speed based on his familiarity with that specific road from his nightly patrol route but did not remember whether he looked at his speedometer. Officer Ivey had to accelerate to catch up to defendant to perform the traffic stop. Officer Ivey did not recall whether he informed defendant of all the reasons for the traffic stop once defendant was pulled over.

The trial court admitted a photograph depicting defendant's license plate and the partial obstruction. The trial court also admitted body-worn camera footage from Officer Ivey's partner depicting defendant's car during the traffic stop.

Defendant called his wife as a witness, who testified about her familiarity with the car defendant was driving and its inability to reach speeds of 60 miles an hour in short distances as recent as a week before defendant's traffic stop.

Judge Steven Howell denied defendant's motion to suppress, finding the traffic stop was justified because of the lack of illumination and the partial obstruction of the license plate as corroborated by Officer Ivey's inability to read the license plate and report it to dispatch.

2

Defendant thereafter pled no contest before Judge Colleen Nichols to possession of a controlled substance while in possession of a firearm, and possession of a controlled substance for sale. He further admitted a prior strike conviction and one aggravating factor in exchange for dismissal of the remaining charges. The trial court sentenced defendant to eight years in prison.

Defendant appeals.

## DISCUSSION

Defendant contends the trial court erred by denying his motion to suppress. Specifically, defendant argues that Officer Ivey's testimony about defendant's speeding lacked credibility and undermined his testimony about the lighting and obstruction to defendant's license plate, such that Officer Ivey did not provide reasonable suspicion for the traffic stop. We disagree.

In our review of a ruling on a motion to suppress, "we uphold any factual finding, express or implied, that is supported by substantial evidence, but we independently assess, as a matter of law, whether the challenged search or seizure conforms to constitutional standards of reasonableness." (*People v. Hughes* (2002) 27 Cal.4th 287, 327.)

The Fourth Amendment protects against unreasonable searches and seizures. (U.S. Const., 4th Amend.; *Terry v. Ohio* (1968) 392 U.S. 1, 20; accord, Cal. Const., art. I, § 13.) A traffic stop constitutes a seizure within the meaning of the Fourth Amendment. (*Berkemer v. McCarty* (1984) 468 U.S. 420, 436-437.) Police may initiate a lawful traffic stop only if the facts and circumstances support articulable and "reasonable suspicion" that the driver violated the Vehicle Code or other laws. (*People v. Hernandez* (2008) 45 Cal.4th 295, 299; accord, *People v. Nice* (2016) 247 Cal.App.4th 928, 937-938.) To show reasonable suspicion, the detaining officer must "point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity." (*People v.*

3

*Souza* (1994) 9 Cal.4th 224, 231.) The detaining officers may rely on their experience and training to draw inferences from the circumstances, but they cannot rely on a mere hunch or speculation. (*United States v. Arvizu* (2002) 534 U.S. 266, 273-274.)

Defendant argues that the "primary basis for the stop" was his alleged speeding and because Officer Ivey's estimation of the speed was "subjective and uncorroborated," his testimony about defendant's license plate should be disregarded. But as defendant acknowledges, the trial court did not rely on Officer Ivey's testimony concerning defendant's speeding when determining Officer Ivey demonstrated reasonable suspicion. Instead, the trial court found the lack of illumination and obstruction to the license plate justified the traffic stop as corroborated by Officer Ivey's inability to report the license plate to dispatch because he could not read it. The findings were also made after viewing a photograph of defendant's car and body camera footage of the stop. This further provides the independent corroboration of Officer Ivey's testimony defendant complains is missing.

Officer Ivey's testimony is not impossible or contrary to the evidence, thus we defer to the trial court's credibility finding that Officer Ivey accurately testified to defendant's license plate being partially obstructed. (*People v. Redd* (2010) 48 Cal.4th 691, 719.)

Defendant's contention that Officer Ivey's cited Vehicle Code violations were an "after-the-fact justification" for the stop, making the stop unlawful for lack of reasonable suspicion, is misplaced. In conjunction with Officer Ivey's testimony about the speeding, defendant supports this argument by highlighting Officer Ivey's admission that he did not remember whether he informed defendant of the reasons for the stop.[1] But "the

---

[1] Defendant does not argue Officer Ivey violated Penal Code section 2806.5, requiring peace officers to state the reason for a traffic or pedestrian stop before engaging in questioning related to a criminal investigation or traffic violation. Nor would violation

4

constitutional reasonableness of traffic stops [does not] depend[] on the actual motivations of the individual officers involved." (*Whren v. U.S.* (1996) 517 U.S. 806, 813.) Officer Ivey's mental state or motivation is thus irrelevant if there are objective circumstances supporting an infraction such as an obstructed license plate. (See *People v. Duncan* (2008) 160 Cal.App.4th 1014, 1019 [finding an upside-down license plate an objectively lawful basis for a traffic stop].)

Under Vehicle Code section 5201, subdivision (a), the position and condition of the license plate must be "clearly visible" with all of the characters "clearly legible." (See *People v. White* (2001) 93 Cal.App.4th 1022, 1025-1026 [holding the "Legislature intended . . . that the view of the license plate be entirely unobstructed"].) The obstruction of the license plate forms an objective basis for the traffic stop and is clearly seen in the photograph and video evidence. (See *id*. at pp. 1025-1026 [finding license plate partially obstructed by a trailer hitch ball provides reasonable suspicion for traffic stop].) Both the photograph and the body-worn camera video show a piece of rubber weatherstripping extending from the back door of defendant's car covering the first two characters of the license plate.

Because we conclude the obstruction of the license plate was an independent reasonable basis for the traffic stop, we conclude the detaining officer had a justified reasonable suspicion for the traffic stop and the trial court did not err in denying defendant's motion to suppress the evidence found in his car.

---

of section 2806.5 serve as a basis to grant defendant's suppression motion. (*People v. Valle* (2024) 105 Cal.App.5th 195, 204 ["section 2806.5 . . . has no impact on the legality of pretextual stops or the admissibility of evidence obtained during such stops"].)

DISPOSITION

The judgment is affirmed.


                            /s/ _____

                            ROBIE, Acting P. J.


We concur:


/s/ _____

KRAUSE, J.


/s/ _____

FEINBERG, J.